UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENDRICK BENCOMO<br>CDCR #P-48631,<br><br>         Plaintiff,<br><br>   vs.<br><br>R. DIAZ, et al.,<br><br>         Defendants. | Case No.: 3:20-cv-01550-WQH-LL<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**AND**<br><br>**2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SUMMONS AND COMPLAINT PURSUANT TO 28 U.S.C. § 1915(d) & Fed. R. Civ. P. 4(c)(3)** |

   Plaintiff Kendrick Bencomo, currently incarcerated at California State Prison, Corcoran ("CSP-COR") located in Corcoran, California, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1. Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a), but did file a Motion to Proceed In Forma Pauperis ("IFP"). *See* ECF No. 2.

/ / /

/ / /

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Cervantes*, 493 F.3d at 1051. However, prisoners who are granted leave to proceed IFP remain obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams*, 775 F.3d at 1185, and regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) also requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005) ("*King*"). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

Plaintiff's CDCR Statement and Prison Certificate show that he has carried an average monthly balance of $302.66, had $218.19 in average monthly deposits to his account over the 6-month period immediately preceding the filing of his Complaint and had an available balance of $109.13 on the books at the time of filing. *See* ECF No. 3 at 5. 28 U.S.C. § 1915(a)(2); *King*, 398 F.3d at 1119. Based on this accounting, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 3) and assesses his initial partial filing fee to be $60.53 pursuant to 28 U.S.C. § 1915(b)(1).

The Court will direct the Secretary of the CDCR, or his designee, to collect the initial $60.53 fee assessed only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected by the agency having custody of the prisoner and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(2).

**II.    Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

A.    <u>Standard of Review</u>

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint also requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that

the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B.  Plaintiff's Factual Allegations

Plaintiff alleges that on August 25, 2018, while he was housed in the Administrative Segregation Unit ("ASU") at Richard J. Donovan State Prison ("RJD") his cellmate attempted to kill him by "stabbing him in the neck, back and stomach numerous times." Compl. at 9. The wounds were serious enough to require surgery. *Id.* at 9-10. Plaintiff claims that on August 26, 2018, while he was in the hospital recovering from his injuries and surgery, two Institutional Gang Investigators ("IGI"), who he identifies as Defendants Does III and IV, visited him and asked him questions about the assault. *Id.* at 10. The IGIs also allegedly told Plaintiff that they had recovered a letter, referred to as a "kite," at the California Institute for Men ("CIM") before the assault which contained an order from the

Mexican Mafia to kill Plaintiff. *Id.* According to Plaintiff, Defendants Does III and IV told him that "they knew that [he] was going to get hit out," that he "had it coming" and that the assailant "did a good job." *Id.* at 4.

In November/December of 2018, Plaintiff requested protected custody status as a result of the attack. *Id.* Plaintiff claims that during the debriefing process, Defendants Does I and II, who Plaintiff identifies as an IGI Lieutenant (Doe I) and an IGI Sergeant (Doe II), told him they knew about the threat to Plaintiff's life before the assault; Defendant Doe II also allegedly told Plaintiff "they fuck[ed] up." *Id.* at 10. Plaintiff claims that "CDCR officials and RJDCF officials in particular were aware that I was housed in a condition that clearly posed a significant risk to serious harm or injury, but yet they disregard[ed] and fail[ed] to respond to such risk in a reasonable and logical manner, causing Plaintiff's pain and suffering (injury)." *Id.*

### C.  42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### D.  Discussion

Plaintiff alleges his Eighth Amendment rights were violated by Defendants' failure to protect him from assault by a fellow inmate. Threats to both Plaintiff's safety and health are subject to the Eighth Amendment's demanding deliberate indifference standard. *See Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994); *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016). "A prison official acts with 'deliberate indifference . . . only if the

[official] knows of and disregards an excessive risk to inmate health and safety.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002), overruled on other grounds by *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1076 (9th Cir. 2016)). "Under this standard, the prison official must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id*. (quoting *Farmer*, 511 U.S. at 837). In addition, a Plaintiff must allege he suffered a physical injury which is more than de minimus. *Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002); *Fournerat v. Fleck*, No. EDCV 19-0961 AB (AS), 2020 WL 4495483, at *6 (C.D. Cal. July 7, 2020).

Plaintiff alleges Does III and IV, IGI Correctional Officers, visited him in his hospital room and told him they knew about the threat against his life from a "kite" that was recovered from another prison. Compl. at 2, 10. He alleges Does I, an IGI Lieutenant and Doe II, an IGI Sergeant, also told him they were aware of the letter threat. *Id.* In addition, Plaintiff alleges that Defendants Diaz and Paramo were aware of the threat, *see id.* at 10, and given that the letter was recovered from another prison such an allegation is reasonable. Thus, Plaintiff has plausibly alleged that Defendants were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and that they actually drew that inference. *See Toguchi*, 391 F.3d at 1057. Plaintiff has also sufficiently alleged that he suffered a physical injury which is more than de minimus because he states that he was stabbed repeatedly which required surgery and hospitalization. Compl. at 9-10. *Iqbal*, 556 at 676; *Jones*, 733 F.2d at 649; *Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002); *Fournerat v. Fleck*, No. EDCV 19-0961 AB (AS), 2020 WL 4495483, at *6 (C.D. Cal. July 7, 2020).

The Federal Rules of Civil Procedure do not authorize or prohibit the use of fictitious parties, but Rule 10 does require a plaintiff to include the names of all parties in his complaint. *See* Fed. R. Civ. P. 10(a). "A plaintiff may refer to unknown defendants as Defendant John Doe 1, John Doe 2, John Doe 3, and so on, but he must allege specific facts

showing how each particular doe defendant violated his rights." *Cuda v. Employees/Contractors/Agents at or OCCC*, 2019 WL 2062945, at *3-4 (D. Haw. May 9, 2019). As noted above, Plaintiff has done so. Courts disfavor Doe pleading in an IFP case because in the event the plaintiff's complaint alleges a plausible claim for relief, it is effectively impossible for the United States Marshal or deputy marshal to fulfill his or her duty to serve an unnamed defendant. *See* Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d); *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (noting that in order to properly effect service under Rule 4 in an IFP case, the plaintiff is required to "furnish the information necessary to identify the defendant"). The Court notes, however, that Plaintiff may seek discovery to obtain the names of the Does and later amend his pleading in order to substitute the true names of those defendants. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (emphasis added) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).

**IV.   Conclusion and Order**

For the reasons explained, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $60.53 initial filing fee assessed, if those funds are available at the time this Order is executed, and to forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) upon Defendants and forward it to Plaintiff along with a blank U.S. Marshal Form 285.

In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his Complaint and the summons so that he may serve them upon Defendants.

5. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible, include an address where each named Defendant may be found and/or subject to service, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

6. **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon the named Defendants as directed by Plaintiff on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

7. **ORDERS** Defendants, once they have been served, to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond); and

8. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants, or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any

/ / /

/ / /

document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon Defendants may be disregarded.

**IT IS SO ORDERED**.

Dated: October 22, 2020

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court