1

2

3

4

5

6

7

8                                 UNITED STATES DISTRICT COURT

9                             SOUTHERN DISTRICT OF CALIFORNIA

10

11   KENDRICK BENCOMO,                          Case No.:  20cv1550-WQH-LL

12                                  Plaintiff,
                                                 **REPORT AND**
13   v.                                          **RECOMMENDATION REGARDING**
                                                 **DEFENDANTS' MOTION TO**
14   RALPH DIAZ, et al.,                         **DISMISS THE COMPLAINT FOR**
                                                 **FAILURE TO EXHAUST**
15                                  Defendants.   **ADMINISTRATIVE REMEDIES**

16

17                                               **[ECF No. 5]**

18

19         This Report and Recommendation is submitted to United States District Judge

20   William Q. Hayes pursuant to 28 U.S.C. § 636(b) and Civil Local Rule 72.3 of the United

21   States District Court for the Southern District of California. Before the Court is a Motion

22   to Dismiss Plaintiff's complaint filed by Defendant Daniel Paramo pursuant to Federal

23   Rule of Civil Procedure 12(b)(6) on the grounds that Plaintiff failed to state a claim against

24   Defendant Paramo because Plaintiff failed to exhaust administrative remedies. ECF No. 5

25   ("Motion" or "MTD"). Defendant Ralph Diaz joins the Motion to Dismiss. ECF No. 7. For

26   the reasons discussed below, the Court **RECOMMENDS** that the Motion be **DENIED**.

27   / / /

28   / / /

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**I.     PROCEDURAL HISTORY**

Plaintiff Kendrick Bencomo is a state prisoner proceeding pro se and *in forma pauperis*. ECF No. 3. On August 10, 2020, Plaintiff filed a complaint against (1) Daniel Paramo, warden, (2) Ralph Diaz, Secretary for California Department of Corrections and Rehabilitation (CDCR), (3) John Doe I, "I.G.I. (Investigator Office) Lieutenant" assigned to Richard J. Donovan Correctional Facility ("Donovan"), (4) John Doe II, "I.G.I. (Investigator Office) Sergeant" assigned to Donovan, (5) John Doe III, "I.G.I. (investigator), Correctional Officer," assigned to Donovan, and (6) John Doe IV, "I.G.I. (investigator), Correctional Officer," assigned to Donovan. ECF No. 1 ("Compl.") at 2–3. In the complaint made pursuant to 42 U.S.C. § 1983, Plaintiff alleges that Defendants were deliberately indifferent to his safety in violation of the Eighth Amendment and Fourteenth Amendment by failing to protect him from assault by a fellow inmate. Id. at 4.

On February 8, 2021, Defendant Paramo moved to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that Plaintiff failed to state a claim against Defendant Paramo because Plaintiff failed to exhaust administrative remedies. MTD. On February 19, 2021, Defendant Diaz submitted a notice of joinder to Defendant Paramo's Motion to Dismiss. ECF No. 7. Plaintiff filed his Opposition to the Motion on March 9, 2021. ECF No. 10 ("Opposition" or "Oppo."). No reply was filed.

**II.     FACTUAL BACKGROUND**

Because this is a motion to dismiss, the Court must accept as true all material allegations in the complaint and must construe the complaint and all reasonable inferences drawn from it in the light most favorable to Plaintiff. See Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002) (citation omitted); Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001) (citation omitted). The following allegations are taken from Plaintiff's complaint and its attachments.

Plaintiff was a state prisoner at Donovan at the time of the events giving rise to this action. Compl. at 1. Plaintiff is currently incarcerated at California State Prison, Corcoran. Id.

1    On August 25, 2018, Plaintiff was housed in the Administrative Segregation Unit at

2  Donovan when his cellmate attempted to kill him by stabbing him multiple times in the

3  neck, back, and stomach. Id. at 4, 9. On August 26, 2018, while he was in the hospital

4  recovering from his injuries and surgery, Defendants Does III and IV visited him and asked

5  questions about the assault. Id. at 9–10. They also told Plaintiff that they had recovered a

6  letter, referred to as a "kite," at the California Institution for Men in Chino prior to the

7  assault that contained an order from the Mexican Mafia to kill Plaintiff. Id. at 4, 10.

8  Defendant Does III and IV told Plaintiff that he "got it coming, according to their own

9  sources," that they knew that his cellmate was ordered to kill him, and that "[h]e did a good

10  job." Id. at 4. Plaintiff stated, "At this time I recognize[d] the level of corruption was

11  deplorable, and I could not do anything against those officer[s] who were in control of my

12  life and destiny." Id.

13    In November/December of 2018, Plaintiff requested protected custody status due to

14  safety concerns from the attack. Id. at 10. During the debriefing process, the agents

15  conducting the process were aware of the letter discovered prior to his assault ordering that

16  Plaintiff be killed, and Defendant Doe II told Plaintiff they recognized that "they fuck[ed]

17  up." Id. Plaintiff stated that CDCR officials and Donovan officials were aware that Plaintiff

18  was "housed in a condition that clearly posed significant risk to serious harm or injury, but

19  yet they disregard[ed] and failure [sic] to respond to such risk in a reasonable and logical

20  manner, causing Plaintiff's pain and suffering." Id.; see also id. at 6.

21    In the complaint, Plaintiff marked "yes" to the form question asking if he previously

22  sought and exhausted all forms of available relief from the proper administrative officials

23  regarding the acts alleged. Id. at 7. Plaintiff stated that he filed an appeal "which was

24  cancelled on June 5, 2020, on the basis of time constraints" and that he "has no other venue

25  to seek a redress for the wrong caused by the defendants in this matter." Id.; see also

26  id. at 14–16. Plaintiff also stated that he was "so affected by the traumatic assault and the

27  Correctional Officer's [sic] corrupt behavior that it actually make [sic] him afraid for his

28  life and cause him to not filing [sic] a grievances [sic] within the time constrain[t], because

1  he was afraid of a retaliatory actions [sic] by the correctional officer's [sic] who were in

2  control of plaintiff's body." Id. at 6.

3  **III.   LEGAL STANDARD**

4      **A.   Motion to Dismiss for Failure to State a Claim**

5      A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the plaintiff's

6  claims.  See Fed. R. Civ. P. 12(b)(6); Navarro v. Block, 250 F.3d at 732. The issue is not

7  whether the plaintiff ultimately will prevail, but whether the claimant has properly stated a

8  claim upon which relief could be granted. See Jackson v. Carey, 353 F.3d 750, 755

9  (9th Cir. 2003) (citations omitted). "Under Federal Rule of Civil Procedure 8(a)(2), a

10  pleading must contain 'a short and plain statement of the claim showing that the pleader is

11  entitled to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009). The pleader must

12  provide the Court with "more than an unadorned, the defendant-unlawfully-harmed-me

13  accusation." Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

14  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

15  statements, do not suffice." Id. (citation omitted).

16      In ruling on a motion to dismiss, the court may "generally consider only allegations

17  contained in the pleadings, exhibits attached to the complaint, and matters properly subject

18  to judicial notice." Outdoor Media Grp., Inc. v. City of Beaumont, 506 F.3d 895, 899

19  (9th Cir. 2007) (quoting Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007)). The

20  court may also consider "a writing referenced in a complaint but not explicitly incorporated

21  therein if the complaint relies on the document and its authenticity is unquestioned."

22  Swartz v. KPMG LLP, 476 F.3d at 763. When considering a motion to dismiss, the court

23  must accept as true all material allegations in the complaint and must construe the

24  complaint and all reasonable inferences drawn from it in the light most favorable to the

25  plaintiff. See Thompson v. Davis, 295 F.3d at 895 (citation omitted); Navarro v. Block,

26  250 F.3d at 732 (citation omitted). "However, the court is not required to accept legal

27  conclusions cast in the form of factual allegations if those conclusions cannot reasonably

28  / / /

1   be drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752, 754–55

2   (9th Cir. 1994) (citations omitted); see also Ashcroft v. Iqbal, 556 U.S. at 678.

3         **B.     Standards Applicable to Pro Se Litigants**

4         When a plaintiff appears pro se, the court must be careful to construe the pleadings

5   liberally and to afford the plaintiff the benefit of any doubt. Hebbe v. Pliler, 627 F.3d 338,

6   342 (9th Cir. 2010) (quoting Bretz v. Kelman, 773 F.2d 1026, 1027 (9th Cir. 1985)). The

7   pro se pleader must still set out facts in his complaint that bring his claims "across the line

8   from conceivable to plausible." Bell Atl. Corp. v. Twombly, 550 U.S. at 570. A court "may

9   not supply essential elements of the claim that were not initially pled." Ivey v. Bd. of

10  Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Plaintiff may not supply

11  missing elements in his opposition. See Schneider v. Cal. Dep't of Corr., 151 F.3d 1194,

12  1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court

13  *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum

14  in opposition to a defendant's motion to dismiss."). A pro se litigant is entitled to notice of

15  the deficiencies in the complaint and an opportunity to amend unless the deficiencies

16  cannot be cured by amendment. See Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012)

17  (citations omitted).

18        **C.     Administrative Exhaustion Pursuant to the Prison Litigation Reform Act**

19        The Prison Litigation Reform Act (PLRA) mandates that "[n]o action shall be

20  brought with respect to prison conditions under section 1983 of this title, or any other

21  Federal law, by a prisoner confined in any jail, prison, or other correctional facility until

22  such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Proper

23  exhaustion requires compliance with an agency's deadlines and procedural rules.

24  Woodford v. Ngo, 548 U.S. 81, 90 (2006).

25        The PLRA requires an inmate to exhaust available remedies, and so "a failure to

26  exhaust a remedy that is effectively unavailable does not bar a claim from being heard in

27  federal court." McBride v. Lopez, 807 F.3d 982, 986 (9th Cir. 2015); see also

28  Ross v. Blake, 136 S. Ct. 1850, 1862 (2016) ("The only limit to § 1997e(a)'s mandate is

1    the one baked into its text: An inmate need exhaust only such administrative remedies as

2    are 'available.'"). There are "three kinds of circumstances in which an administrative

3    remedy, although officially on the books, is not capable of use to obtain relief."

4    Ross v. Blake, 136 S. Ct. at 1859. These circumstances arise when (1) an administrative

5    procedure "operates as a simple dead end—with officers unable or consistently unwilling

6    to provide any relief to aggrieved inmates"; (2) an administrative process is "so opaque

7    that it becomes, practically speaking, incapable of use" such that "no ordinary prisoner can

8    discern or navigate it"; and (3) "prison administrators thwart inmates from taking

9    advantage of a grievance process through machination, misrepresentation, or intimidation."

10   Id. at 1859–60. In the Ninth Circuit, "the threat of retaliation for reporting an incident can

11   render the prison grievance process effectively unavailable" if the prisoner can show that

12   (1) "he actually believed prison officials would retaliate against him if he filed a grievance"

13   (the subjective prong), and (2) "a reasonable prisoner of ordinary firmness would have

14   believed that the prison official's action communicated a threat not to use the prison's

15   grievance procedure and that the threatened retaliation was of sufficient severity to deter a

16   reasonable prisoner from filing a grievance" (the objective prong). McBride v. Lopez,

17   807 F.3d at 987.

18        In 2018, the State of California's grievance process allowed any inmate or parolee

19   to "appeal any policy, decision, action, condition, or omission by the department or its staff

20   that the inmate or parolee can demonstrate as having a material adverse effect upon his or

21   her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a) (2018) (repealed

22   effective June 1, 2020). [1] Generally, appeals were required to proceed through three levels

23

24   _____

25   [1] The California regulations cited here are to the regulations that were in place during 2018
     until they were repealed and replaced on the effective date of June 1, 2020.
26   Wimberly v. Cuevas, No. 19-CV-08316-SI, 2021 WL 879881, at *4 n.1 (N.D. Cal.
     Mar. 9, 2021) ("On March 25, 2020, and effective June 1, 2020, California Code of
27   Regulations Title 15, sections 3084 through 3084.9 were repealed and replaced with
     renumbered and amended provisions at sections 3480 through 3487.").
28

of review to be deemed exhausted. Id. § 3084.1(b) (2018). In 2018, except for allegations of sexual violence or staff sexual misconduct, inmates and parolees were required to submit appeals within thirty calendar days of "(1) the occurrence of the event or decision being appealed, or; (2) upon first having knowledge of the action or decision being appealed, or; (3) upon receiving an unsatisfactory departmental response to an appeal filed." Id. § 3084.8(b) (2018).

## IV.    DISCUSSION

Defendants argue that Plaintiff did not exhaust his administrative remedies because he submitted his administrative grievance approximately one year and eight months after the August 2018 incident alleged in the complaint instead of within the required thirty-day deadline. MTD at 3. Defendants contend that Plaintiff's failure to exhaust is evident from the face of the complaint and the exhibits attached to the complaint. Id. The attached exhibits include copies of Plaintiff's appeals submitted May 6, 2020 and May 18, 2020. Compl. at 15–16, 22–23.

Plaintiff marked "yes" to the complaint form question asking if he previously sought and exhausted all forms of available relief from the proper administrative officials regarding the acts alleged. Compl. at 7. Plaintiff also states in the complaint that he did not file a grievance within the time required because he was "afraid for his life" and "afraid of retaliatory actions" by the correctional officers who were in control of his body. Id. at 6. Plaintiff stated that when he filed an appeal, it was canceled on June 5, 2020 on the basis of time constraints. Id. at 7; see also id. at 14–16. In his Opposition, Plaintiff adds additional allegations supported by a declaration, but the Court is unable to consider those in deciding a motion to dismiss because review is limited to the complaint and its attachments. See Outdoor Media Grp., Inc. v. City of Beaumont, 506 F.3d at 899.

Neither the PLRA nor the Federal Rules of Civil Procedure require inmates to specifically plead or demonstrate administrative exhaustion in their complaints. Jones v. Bock, 549 U.S. 199, 216–17 (2007). A failure to exhaust is an affirmative defense that defendants must plead and prove. Id. at 204, 216. Ordinarily, "defendants must

1  produce evidence proving failure to exhaust in order to carry their burden," which makes

2  it more appropriately raised in a motion for summary judgment. Albino v. Baca,

3  747 F.3d 1162, 1166 (9th Cir. 2014). "If undisputed evidence viewed in the light most

4  favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary

5  judgment" under Federal Rule of Civil Procedure 56. Id. However, "in the rare event that

6  a failure to exhaust is clear on the face of the complaint, a defendant may move for

7  dismissal under Rule 12(b)(6)." Id. To be clear on the face of the complaint, the court must

8  find that the complaint shows not only that the plaintiff failed to exhaust his administrative

9  remedies but also that those remedies were effectively available at the time. Berrera v.

10  Sivyer, No. 215CV0610KJMEFBP, 2017 WL 3783105, at *4 (E.D. Cal. Aug. 31, 2017),

11  report and recommendation adopted, No. 215CV0610KJMEFBP, 2017 WL 4310498

12  (E.D. Cal. Sept. 28, 2017) (citing Sapp v. Kimbrell, 623 F.3d 813, 822–23 (9th Cir. 2010)).

13      Here, the Court does not agree with Defendants that a failure to exhaust is clear on

14  the face of the complaint. Plaintiff claims that he exhausted all available administrative

15  relief. First, Plaintiff marked "yes" to the complaint form question asking if he previously

16  sought and exhausted all forms of available relief from the proper administrative officials

17  regarding the acts alleged. Compl. at 7.  Then Plaintiff states that he did not file a grievance

18  within the thirty-day deadline because he feared retaliation. Id. at 6. The threat of retaliation

19  may make the prison grievance system effectively unavailable, such that a failure to

20  exhaust would not bar the complaint from being heard in federal court. McBride v. Lopez,

21  807 F.3d at 986–87. It is unclear from the face of the complaint and its attachments whether

22  Plaintiff satisfies both the subjective and objective prongs required to establish that the

23  threat of retaliation for filing a grievance made the administrative remedies effectively

24  unavailable. See id. at 987. This is not unexpected since Plaintiff was not required to

25  address the issue of administrative exhaustion in his complaint. See Jones v. Bock,

26  549 U.S. at 216–17. Because Plaintiff was not required to establish administrative

27  exhaustion in his complaint, the lack of additional details on this issue does not definitively

28  mean that Plaintiff cannot produce additional facts on the subject. See Powell v. Widley,

1  No. 117CV00824AWIJDP, 2018 WL 3203113, at *2 (E.D. Cal. June 28, 2018), report and
2  recommendation adopted, No. 117CV00824AWIJDP, 2018 WL 3702300 (E.D. Cal.
3  Aug. 2, 2018) ("Defendants cannot obtain dismissal at this stage—as they attempt to do—
4  by arguing that plaintiff 'has not alleged any facts' to show that 'his failure to exhaust his
5  administrative remedies [were unavailable]'" because "[t]here is no requirement that
6  plaintiff allege such facts at this stage.").

7       Drawing all reasonable inferences in favor of Plaintiff, the Court finds the complaint
8  and its attachments standing alone do not clearly show that Plaintiff's administrative
9  remedy was effectively available. This case is not one of the "rare events" where a failure
10  to exhaust is clear on the face of the complaint. See Albino v. Baca, 747 F.3d at 1166.
11  Instead, it is one of the more typical events where facts must be developed and presented
12  by both sides to support and oppose an affirmative defense. The Court finds that it is not
13  clear on the face of the complaint whether Plaintiff exhausted all *available* administrative
14  remedies, and therefore, the issue of exhaustion is not appropriate on a motion to dismiss.
15  See Ayala v. Salazar, No. 18cv02885JLSJLB, 2020 WL 248985, at *6 (S.D. Cal.
16  Jan. 16, 2020), report and recommendation adopted, No. 18-CV-2885 JLS (JLB),
17  2020 WL 4743584 (S.D. Cal. Feb. 28, 2020) ("[W]here it is not clear on the face of the
18  complaint whether a plaintiff exhausted all *available* administrative remedies, as is the case
19  here, the issue of exhaustion is not appropriate on a motion to dismiss." (emphasis in
20  original)); Powell v. Widley, 2018 WL 3203113, at *2 (denying motion to dismiss because
21  the availability of administrative remedies is not clear on the face of the complaint);
22  Berrera v. Sivyer, 2017 WL 3783105, at *5 ("The complaint and its attachments standing
23  alone do not make clear that plaintiff's administrative remedy was effectively 'available.'
24  For these reasons, Macomber's motion to dismiss on this ground must be denied.")
25  Accordingly, the Court **RECOMMENDS** that Defendants' Motion to Dismiss on the issue
26  of administrative exhaustion be **DENIED**.
27  ///
28  ///

## V.    CONCLUSION AND RECOMMENDATION

For the reasons set forth above, **IT IS HEREBY RECOMMENDED** that the district judge issue an order (1) approving and adopting this Report and Recommendation, (2) directing that Defendants' Motion to Dismiss be **DENIED**, and (3) directing Defendants to serve an answer to the complaint pursuant to Federal Rule of Civil Procedure 12(a).[2]

**IT IS ORDERED** that on or before **May 21, 2021** any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties on or before **June 11, 2021**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED**.

Dated:  May 5, 2021

Honorable Linda Lopez
United States Magistrate Judge

---

[2] The Court notes that Plaintiff has four unnamed Doe Defendants in his complaint. The Court reminds Plaintiff that after an answer is served, he may seek discovery to obtain the names of the Does and amend his pleading in order to substitute the true names of those Defendants. See ECF No. 3 (October 22, 2020 Court Order) at 6–7; Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) ("[W]here the identity of the alleged defendant[ ][is] not [ ] known prior to the filing of a complaint[,] the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." (quoting Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980))).

20cv1550-WQH-LL